IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM E. DOBBS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-CV-4901** |
| | : | |
| **S.C.I. PHOENIX SUPERINTENDENT** | : | |
| **SORBER,** *et al.,* | : | |
| **Defendants.** | : | |

### MEMORANDUM

**SCOTT, J.**                                                    **FEBRUARY 7, 2024**

In a prior Memorandum and Order, *see Dobbs v. S.C.I. Phoenix Superintendent Sorber*, No. 23-4901, 2024 WL 37937 (E.D. Pa. Jan. 3, 2024), the Court granted William E. Dobbs, a convicted prisoner housed at SCI Phoenix, leave to proceed *in forma pauperis* and dismissed his Complaint on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Dobbs's official capacity claims against Commonwealth employees were dismissed with prejudice, but his individual capacity claims were dismissed without prejudice and Dobbs was granted the opportunity to file an amended complaint if he was capable of alleging additional facts to cure the defects the Court identified in his original pleading. *Id.* at *5. Dobbs's state law negligence claim was dismissed without prejudice for lack of subject matter jurisdiction. *Id.* Dobbs has returned with an Amended Complaint in which he again names as Defendants SCI Phoenix Superintendent Sorber, Deputy Sipple, Dr. Letizio, and PA Joseph Walsh.[1] For the following reasons, the Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

_____

[1] Defendant Walsh's name is not spelled consistently in the Amended Complaint. The Court will use the spelling Dobbs used in the caption of the pleading.

Dobbs has again named each Defendant in their individual and official capacities. In the Court's prior Memorandum, all official capacity claims were dismissed with prejudice because

I.  **FACTUAL ALLEGATIONS**[2]

Like his original Complaint, Dobbs's Amended Complaint is brief.  He alleges that his

constitutional rights were violated when he suffered a slip and fall at SCI Phoenix on March 13,

2022.  He alleges he slipped on ice on a walkway while on his way to receive his insulin at 7:15

a.m.  (Am. Compl. at 3-4.)  He asserts that each named Defendant acted under color of state law

and Superintendent Sorber and Deputy Sipple were "in charge of the facility."  (*Id.* at 4.)  He

states that inmates are required to walk outside on the compound to receive their medication and,

while doing so, he fell on unseen and untreated ice because Sorber and Sipple failed to provide a

safe walkway.  (*Id.* at 5.)  Dobbs allegedly injured his lower back, neck, shoulder, knees, ankle,

and wrist.  (*Id.*)  Defendants Letizio and Walsh allegedly refused any medical treatment for his

lower back, shoulder, knee, ankle, and wrist, and only treated Dobbs's neck injury after Dobbs

complained of severe pain and lack of movement.  (*Id.*)  He seeks money damages.  (*Id.*)

II.  **STANDARD OF REVIEW**

Because the Court has granted Dobbs leave to proceed *in forma pauperis*, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

---

the Eleventh Amendment bars suits in federal court against the Commonwealth, its agencies, and
official capacity claims against Commonwealth officials that seek monetary damages. *Dobbs*,
2024 WL 37937, at *2 (citing *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-
100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003); *Hafer v. Melo*,
502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)).
Eleventh Amendment immunity also precludes negligence claims. *See Brooks v. Beard*, 167 F.
App'x 923, 926 (3d Cir. 2006) (*per curiam*) (noting, with regard to inmate's negligence claims,
that "the state has expressly retained its Eleventh Amendment immunity for purposes of federal
lawsuits.").  The official capacity claims are again dismissed with prejudice for these reasons.

[2] The factual allegations set forth in this Memorandum are taken from Dobbs's Amended
Complaint (ECF No. 8).  The Court adopts the sequential pagination assigned to the Amended
Complaint by the CM/ECF docketing system.

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Dobbs is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1996); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of*

*Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. New Jersey Dept. of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1194 (3d Cir. 1995); *Rode*, 845 F.2d at 1201 n.6).

### A.    Defendants Sorber and Sipple

Dobbs names Superintendent Sorber and Sipple as Defendants on his constitutional claims because they are "in charge of the facility." (Am. Compl. at 4.)  As the Court previously explained to Dobbs, liability under § 1983 cannot be predicated on a *respondeat superior* basis. *Dobbs*, 2024 WL 37937 at *3 (citing *Chavarriaga*, 806 F.3d at 227); *Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *2 (3d. Cir. Nov. 28, 2022) (*per curiam*)).  Rather, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts

undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014),

*reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be

liable if he or she "'with deliberate indifference to the consequences, established and maintained

a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M.*

*ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in

original)). To set forth a claim for supervisory liability under the policy-and-practice strand of

supervisory liability, a plaintiff must:

> (1) identify the specific supervisory practice or procedure that the supervisor
> failed to employ, and show that (2) the existing custom and practice without
> the identified, absent custom or procedure created an unreasonable risk of the
> ultimate injury, (3) the supervisor was aware that this unreasonable risk
> existed, (4) the supervisor was indifferent to the risk; and (5) the underling's
> violation resulted from the supervisor's failure to employ that supervisory
> practice or procedure.

*Chavarriaga*, 806 F.3d 210, 227 (3d Cir. 2015) (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d

205, 216 (3d Cir. 2001)). "Put another way, the inmate must identify the supervisor's specific

acts or omissions demonstrating the supervisor's deliberate indifference to the inmate's risk of

injury and must establish a link between the supervisor, the act, and the injury." *Id.* "Second, a

supervisor may be personally liable under § 1983 if he or she participated in violating the

plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of

and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Despite receiving this instruction, Dobbs has failed to allege facts to support either theory

in his Amended Complaint,. Thus, the constitutional claims against Sorber and Sipple are again

dismissed.[3] As Dobbs has already been given an opportunity to cure the defects in his claims

---

[3] To the extent Dobbs bases his constitutional claims against Sorber and Sipple on their
alleged negligence in permitting an icy walkway to exist at SCI Phoenix, that claim is not
plausible for an additional reason. The United States Supreme Court has held that § 1983 claims

and has been unable to do so, the Court concludes that further amendment would be futile and

the dismissal of the constitutional claims against Sorber and Sipple will be with prejudice. *See*

*Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019)

(amendment by pro se litigant would be futile when litigant "already had two chances to tell his

story"); *Robinson,* 2022 WL 17248100, at *2 ("because Robinson has had two opportunities to

amend his complaint, declining to grant further leave to amend was proper.").

### B.      Medical Claims

As the Court previously explained to Dobbs, to state a constitutional claim based on the

failure to provide medical treatment, a prisoner must allege facts indicating that prison officials

were deliberately indifferent to his serious medical needs. *Dobbs*, 2024 WL 37937, at *3 (citing

*Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).  He was also instructed that a prison official is

not deliberately indifferent "unless the official knows of and disregards an excessive risk to

inmate health or safety; the official must both be aware of facts from which the inference could

be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

(citing *Farmer*, 511 U.S. at 837).  Deliberate indifference is properly alleged "where the prison

official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide

it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a

---

may not be predicated on a state actor's mere negligence. *See Canton v. Harris,* 489 U.S. 378,
387 (1989) (holding that mere negligence in training cannot form basis of § 1983 liability);
*Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not
actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent
act of an official causing unintended loss of or injury to life, liberty, or property").  A claim
based on mere negligence is insufficient to allege a plausible Eighth Amendment violation. *See
Whitley v. Albers,* 475 U.S. 312, 319 (1986) ("It is obduracy and wantonness, not inadvertence or
error in good faith, that characterize the conduct prohibited by the Cruel and Unusual
Punishments Clause, whether that conduct occurs in connection with establishing conditions of
confinement, supplying medical needs, or restoring official control over a tumultuous
cellblock.").

prisoner from receiving needed or recommended medical treatment." *Id.* (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

In the prior Memorandum, the claims against Dr. Letizio, and PA Walsh, were dismissed without prejudice because they were undeveloped and, therefore, not plausible. *Dobbs*, 2024 WL 37937, at *4. The Court noted that Dobbs had provided no specific allegations about what Letizio and Walsh did or failed to do to refuse, delay, or prevent him from receiving treatment. He also failed to allege that either Defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that the Defendants drew that inference. *Id.* In his Amended Complaint, Dobbs alleges that Defendants Letizio and Walsh refused any medical treatment for his lower back, shoulder, knee, ankle, and wrist, and only treated Dobbs's neck injury after Dobbs complained of severe pain and lack of movement. (Am. Compl. at 5.) The Court is constrained to again find that this claim is not developed sufficiently to permit it to proceed. Dobbs does not differentiate the roles these two Defendants played in his medical care. Courts have found that where there are multiple Defendants at issue, alleging personal involvement often cannot be accomplished by referring to the Defendants collectively without clarifying the specific basis for each Defendant's liability. *See Lawal v. McDonald*, 546 F. App' x 107, 113 (3d Cir. 2014) (agreeing with the district court that the repeated and collective use of the word "Defendants" "fail[ed] to name which specific Defendant engaged in the specific conduct alleged'"). Because Dobbs again does not specifically allege what Letizio and Walsh each did or failed to do, and has again failed to allege that either Defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that the Defendants drew that inference, his claims against them must again be

dismissed.  However, the Court will grant Dobbs another opportunity to provide additional facts

to attempt to cure the defects in his claims against Letizio and Walsh.

### C.     Negligence Claims

While again not clear, Dobbs may also be attempting to allege a state law negligence

claim due to either his slip and fall or his medical issues.  (*See* Compl. at 7 (prison grievance

form alleging negligence).)  Because the Court has dismissed his federal claims, the Court will

not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.

Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. §

1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens

of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'

even though only minimal diversity is constitutionally required.  This means that, unless there is

some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any

defendant.'"  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*,

592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the

state where he is domiciled, meaning the state where he is physically present and intends to

remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of

a prisoner before his imprisonment presumptively remains his domicile during his

imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  It is the plaintiff's

burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker*

*State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972)

(stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Dobbs does not allege the citizenship of the parties. Rather, he provides only Pennsylvania addresses at SCI Phoenix for himself and the Defendants, which suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens. Accordingly, Dobbs has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

IV.    **CONCLUSION**

For the reasons stated, Dobbs's Amended Complaint cannot proceed. The official capacity claims against Commonwealth employees and the individual capacity constitutional claims against Defendants Sorber and Sipple are dismissed with prejudice. Because it may be possible for Dobbs to allege plausible individual capacity claims against Defendants Letizio and Walsh, those claims will be dismissed without prejudice and Dobbs will be granted the opportunity to file a second amended complaint if he is capable of alleging additional facts to cure the defects the Court has identified. Any negligence claim is also dismissed without prejudice for lack of subject matter jurisdiction. An appropriate Order follows.

**BY THE COURT:**

_____
**KAI N. SCOTT, J.**

9